NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFFORD GRABOWSKI, | |
| Petitioner, | Civil Action No.: 16-3349-BRM |
| v. | **MEMORANDUM OPINION** |
| PATRICK NOGAN, et al., | |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Petition for a Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2254, brought by *pro se* Petitioner Clifford Grabowski ("Petitioner"), challenging a conviction by the State of New Jersey for aggravated manslaughter and driving while impaired. The State filed an Answer addressing the merits of Petitioner's claims (ECF No. 8), and Petitioner did not file a reply. For the reasons stated below, the Petition is **DENIED**.

The Petition essentially raises two claims. First, Petitioner asserts he received an excessive sentence due to trial counsel's ineffective assistance at sentencing, even though he received a sentence bargained for pursuant to a plea agreement. The state court, in addition to addressing the merits, ruled the claim procedurally barred by N.J. Ct. R. 3:22-4, because "defendant argues his sentence was excessive, not that it was illegal. PCR will not be granted on excessive sentence grounds." (ECF No. 1-5 at 9.) "Federal habeas courts generally refuse to hear claims 'defaulted . . . in state court pursuant to an independent and adequate state procedural rule.'" *Johnson v. Lee*, 136 S. Ct. 1802, 1803 (2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "State rules count as 'adequate' if they are 'firmly established and regularly followed.'" *Id.* (quoting

*Walker v. Martin*, 562, U.S. 307, 316 (2011)). New Jersey courts routinely bar excessive sentence claims based on ineffective assistance of counsel. *See State v. Osorio*, Indictment No. 96-10-1550, 2016 WL 4527593, at *3 (N.J. Sup. Ct. App. Div. Aug. 30, 2016); *State v. Wagner*, Indictment No. 10-07-1737, 2015 WL 3886403, at *2-3 (N.J. Sup. Ct. App. Div. June 25, 2015); *State v. Pessoa*, Accusation No. 10-06-1204, 2014 WL 2117994, at *1 (N.J. Sup. Ct. App. Div. May 22, 2014); *see also State v. Acevedo*, 205 N.J. 40, 46 (2011) ("[M]ere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground for post-conviction relief and can only be raised on direct appeal from the conviction." (citation omitted)); *State v. Evans*, Indictment No. 09-07-1249, 2017 WL 1208005, at *5 (N.J. Sup. Ct. App. Div. Apr. 3, 2017) ("[W]e caution defendants not to cloak displeasure with a sentence as an ineffective assistance of counsel claim. If a defendant believes his sentencing is excessive, direct appeal is the appropriate avenue for relief."). Although the state court also reached the merits of this claim, "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." *Johnson v. Lee*, 136 S. Ct. 1802, 1806 (2016) (citation omitted). As such, relief on this claim is denied.[1]

Petitioner's second claim is based on his allegation that "[t]rial counsel's inadequate assistance caused non acceptance to original plea offer of Reckless Manslaughter offered by the State." (ECF No. 1-2 at 6.) This claim was not addressed by the state court, likely because "[a]ssigned counsel then filed an amended petition." (ECF No. 1-5 at 5.) Nevertheless, the Court construes the Petition as raising a claim under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and

---

[1] Although the Court does not reach the merits of Petitioner's claim, the state court's decision on the merits was certainly a reasonable application of established federal law, based on a reasonable determination of the facts.

2

attributes the lack of exhaustion of this claim in state court on PCR counsel's apparent failure to raise it.[2] Regardless, Petitioner's claim makes little sense, since attorneys do not accept or reject plea agreements; defendants do. *Boyd v. Waymart*, 579 F.3d 330, 351 (3d Cir. 2009) ("Because there are weighty consequences at stake, the decision whether to plead guilty is an intensely personal one that may be made only by the defendant.").

To the extent Petitioner argues that counsel's ineffective assistance led him to reject the original plea,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S. Ct. 1376, 1386 (2012). However, the only factual allegation regarding the original plea asserted by Petitioner is that "prior to consideration and acceptance of the plea for reasons unclear, that plea offer was rescinded by the state." (ECF No. 1-2 at 4.) As such, Petitioner asserts none of the elements required for a *Lafler* claim—there is no allegation that the original plea offer was for less than the ten-year imprisonment he ultimately received, and no allegation that had the offer been accepted, the trial court would have accepted it. Indeed, based on his single factual allegation, it is not even clear that there was an offer he could accept and present to the trial court; Petitioner does not allege that he rejected the original plea, but only that the State withdrew the offer for reasons unknown. How or why counsel should be blamed for the *State* withdrawing the offer is not explained by Petitioner. Without more, Petitioner's claim is vague, conclusory, and not entitled to relief. *Anderson v. Pa. Att'y Gen.*, 82 F. App'x 745, 749 (3d Cir. 2003) ("[V]ague

---

[2] *Martinez* held that in states, as it is in New Jersey, where ineffective trial counsel claims can only be brought on PCR, failure to raise an ineffective trial counsel claim on PCR is good cause to excuse the failure to exhaust. 132 S. Ct. at 1318.

3

and conclusory grounds for habeas relief are subject to summary dismissal[.]" (citing *United States v. Thomas*, 221 F.3d 430, 438 (3d Cir. 2000)); *see United States v. McClellan*, No. 16-2943, 2017 WL 2822315, at *1 (3d Cir. Jan. 3, 2017) ("[Habeas petitioner] cannot meet his burden of proving ineffective assistance of counsel based on vague and conclusory allegations[.]" (internal quotations and citation omitted)). Accordingly, relief on this claim is denied. Having denied all claims, the Petition is denied.[3]

Lastly, the Court denies a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

Date: January 16, 2019                    */s/ Brian R. Martinotti*
                                          HON. BRIAN R. MARTINOTTI
                                          UNITED STATES DISTRICT JUDGE

---

[3] Petitioner also raises a cumulative-error claim. Because the Court finds no error in the aforementioned claims, there can be no cumulative error. *See United States v. Herrera-Genao*, 419 F. App'x 288, 296 (3d Cir. 2011) ("Herrera-Genao complains only of the cumulative effect of the preceding claims; because we have found no error regarding those claims, Herrera-Genao's claim of cumulative error also fails.").